UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. FALCON,<br><br>    Petitioner,<br><br>    v.<br><br>CRAIG KOENING,<br><br>    Respondent. | Case No. 20-cv-05245-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION, GRANTING EXTENSION OF DEADLINE TO APPEAL, AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 6, 7 |

### A. Motion For Reconsideration

In this *pro se* action for writ of habeas corpus, David Falcon challenged a disciplinary decision that resulted in the loss of time credits. The court dismissed the petition because the *Nettles* rule required that petitioner's claims be presented in a civil rights action rather than a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-28 (9th Cir. 2016) (en banc) (holding that prisoner's claim which, if successful, will not necessarily lead to immediate or speedier release from custody falls outside the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983, rather than in a habeas action). The order of dismissal explained that, even if Falcon were to succeed on his claims and have the disciplinary decision dismissed and/or the time credits restored, immediate or speedier release would not be inevitable because he is serving a 50-years-to-life sentence and must be found suitable for parole before he may be released from prison. Docket No. 4 at 3. At most, the restoration of "time credits would advance the date of his 'initial parole hearing,' 15 Cal. Code Regs. § 3043.2(b), if that date has not yet passed. At the initial parole hearing, and at any parole hearing thereafter, a prisoner serving an indeterminate life term must be found suitable for parole before he may be released from prison. *See* 15 Cal. Code Regs. § 2281(a)." Docket No. 4 at 3.

Falcon now moves under Federal Rule of Civil Procedure 59 to alter or amend the judgment, contending that there was an "error of law and fact because the fact that petitioner has not been found suitable for parole yet does not preclude judicial review under the scope of habeas corpus." Docket No. 6 at 2.

"A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Falcon fails to show newly discovered evidence, clear error, or a change in the controlling law in his Rule 59(e) motion. Some of his arguments are about the merits of his due process claims, but the merits of the underlying claims are irrelevant to the question of whether those claims must be pursued in a habeas or civil rights action. He also tries to distinguish *Nettles*, but his argument fails because the court correctly applied *Nettles* to conclude that Falcon may not proceed with his claims in an action for writ of habeas corpus. Even if the loss of time credits affects the date on which he will become eligible for parole or the date on which he will have a parole suitability hearing, the fact remains that he must be found suitable for parole before he can be released from prison. That need to be found suitable for parole is why one cannot say restoration of his time credits will inevitably expedite his release from prison. Under *Nettles*, his only recourse in federal court is to pursue his claims in a civil rights action. Falcon's motion for relief under Rule 59(e) is DENIED. Docket No. 6.

**B. Request For Extension Of Deadline To File Notice Of Appeal**

Falcon has requested an extension of the time to file a notice of appeal from the order of dismissal, explaining that he did not take an appeal within the normal time because he was moved to a special housing area due to Covid-19 and became separated from his legal papers. Upon due consideration, the court finds good cause for the failure to timely file a notice of appeal and GRANTS the motion for an extension of the deadline to file a notice of appeal from the order of dismissal. Docket No. 7. Falcon must file his notice of appeal within **14 days** from the date of this

order. *This deadline cannot and will not be further extended.* See Fed. R. App. P. 4(a)(5)(C).

### C. Denial Of Certificate Of Appealability

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural [rulings]" in the Order Of Dismissal or in this order. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The denial of the certificate of appealability is without prejudice to Falcon seeking a certificate from the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED**.

Dated: October 9, 2020

_____
SUSAN ILLSTON
United States District Judge